# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFF KEFFER II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO.09-CV-023-WDS** |
| | ) | |
| **OLIN CORPORATION a/k/a OLIN** | ) | |
| **BRASS AND WINCHESTER, INC.,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant Olin Corporations' motion for summary judgment (Doc. 22) to which plaintiff has filed a response (Doc. 31) and defendant a reply (Doc. 36). The plaintiff filed a two count complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, and the defendant removed it to this Court based on diversity of citizenship. 28 U.S.C. § 1332. The plaintiff seeks recovery for his discharge from Olin Corporation, claiming that the discharge was in retaliation for filing a workers' compensation claim (Count I) and a violation of public policy (Count II).

Defendant seeks summary judgment on the grounds that plaintiff's discharge was based on legitimate, non-retaliatory reasons.

## I.    SUMMARY JUDGMENT STANDARDS

A district court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *See Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, the Court will not resolve factual disputes, weigh conflicting evidence, or make credibility determinations. *See Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001); *see also Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

## II.    FACTUAL BACKGROUND

The record reveals that plaintiff was employed by defendant as an assistant caster in May of 2006.  He became a weigh clerk after it was determined that he suffered from a metal allergy.  In August of 2006, plaintiff was injured at work, and reported that injury to his foreman.  He was advised to report to Olin's medical department, which, in turn sent him home for the day, with instructions to report back the next day.  Plaintiff reported back to Olin the next day, and received physical therapy and light duty restrictions from the Olin medical department. He was also referred to a private physical therapist.  Plaintiff received therapy for the next two days, August 5 and 16.

On August 17, 2006, plaintiff saw his personal chiropractor, Dr. Mark Eavenson, who

excused him from work that evening.  On August 18, 2006, plaintiff was advised by Dr. Eavenson not to return to work until further notice.  Plaintiff received a note to that effect from Dr. Eavenson on August 23, 2006, and gave that note to Olin.  Plaintiff chose not to see the physical therapist referred by Olin, instead seeing Dr. Evanson four to five times per week.

Eavenson released plaintiff to return to work on September 22, 2006.  Plaintiff stated he received this release because he asked Eavenson to do so.  Plaintiff was placed on light duty at Olin and on September 25, 2006, Eavenson again advised plaintiff not return to work.   Plaintiff continued to see Eavenson four to five times per week. Plaintiff did not return to work, advising Olin that he was physically unable to do his job. Plaintiff filed his workers' compensation claim on October 11, 2006.

On  October 12, 2006,  plaintiff was examined by Dr. John Gragnani, an occupational medicine specialist, referred by Olin.  Dr. Gragnani determined that plaintiff was fit to work.  On October 16, 2006, Olin requested that plaintiff return to work and mailed him a letter (from the medical department) directing him to return to work as of October 23, 2006.  On November 6, 2006, Olin's labor relations Manager, Bill Moore, sent plaintiff a letter advising him to return to work as of November 11, 2006.  Plaintiff was advised on November 3, 2006, that further treatment was being denied by Olin.  Plaintiff did not reply to any of the Olin letters, he did not return to work, and he was terminated on November 27, 2006.

### III.    DISCUSSION

Plaintiff asserts that he was discharged as retaliation for filing his workers' compensation claim, and that defendant did not have a legitimate reason to terminate him and knew of his pending claim. Plaintiff asserts that under the collective bargaining agreement, defendant was required to have

both his personal doctor and Olin's medical department's clearance to return to work, and Olin's determination to require him to return to work as a result of Dr. Gragnani's diagnosis was proof of Olin's retaliatory motive.

To succeed under Illinois law on a retaliation claim, plaintiff must establish that he was discharged in retaliation for his actions (filing the worker's compensation claim) in violation of a clear mandate of public policy. *McCoy v. Maytag*, 495 F.3d 515, 520-21 (7th Cir. 2007). Firing an employee for exercising rights to file workers' compensation is, indeed, a long-recognized violation of Illinois public policy. *See, Kelsay v. Motorola, Inc.,* 384 N.E.2d 353, 357 (Ill. 1978).

A retaliation claim based on workers' compensation has three basic elements: 1. that the plaintiff was the employee of the defendant before his accident; 2. that he exercised his rights under the Workers' Compensation Act; and 3. that his discharge was casually connected to filing that claim. *Dotson v. BRP U.S. Inc.,* 520 F.3d 703, 707 (7th Cir. 2008). Clearly, in this case the only element in dispute is the third element. Here, plaintiff cannot show that he was terminated for filing his workers' compensation claim because he testified that Olin terminated him based on the independent doctor's opinion that he could work, and because he believed that the termination was incorrect because his doctor had restricted him from working.

> Q.    So basically, what you know is you got fired when your doctor had not released you to work; right?
> A.    Correct.
> Q.    And that's what you're complaining about here?
> A.    Yes . . .

(Plaintiff's Deposition, p. 80-81).

Here, Olin has established a non-retaliatory motive, that plaintiff did not return to work after examination and release to return by an independent doctor. Plaintiff does not explain why he did

4

not respond to the requests from Olin to return to work before his termination.  Notably, Olin made several efforts to return plaintiff to work *after* he filed his workers' compensation claims, which show lack of retaliatory motive. *Marin v. American Meat Packing, Co.*, 562 N.E.2d 282, 286 (Ill. App. Ct. 1990). "Evidence that those responsible for plaintiff's termination knew he intended to file a worker's compensation claim is 'essential' to a retaliatory discharge action." *Id.* (*quoting, Mercil v. Federal Express Corp.*, 664 F.Supp. 315, 318 (N.D. Ill. 1987)).

Plaintiff asserts that a nurse at Olin, who was unidentified by plaintiff, stated that his compensation claim would be costly to Olin.  This is not enough to show retaliatory motive by defendant.  Plaintiff also asserts that Bill Moore's deposition creates a question on the motive because he admitted he did not rely on Gragnani's report.  Moore testified that he made the decision to terminate plaintiff after he failed to return from leave after being directed to do so by the medical department at Olin. Reliance on the medical report of Gragnani is not critical to that determination, nor does the reliance or lake of reliance on that report amount to retaliatory motive.

Finally, Olin had no duty to offer plaintiff another job when he refused to return to his job. *Wright v. St. John's Hospital*, 593 N.E.2d 1070, 1076 (Ill. App. Ct. 1992), and there is no evidence that plaintiff made any effort to return to work at Olin in any capacity. He simply refused to respond to the letters requiring him to return and did not ask for a different assignment.

## IV.   CONCLUSION

Accordingly, the Court **FINDS** that the defendant has established a basis for the plaintiff's termination.  Plaintiff has not established causation between his filing of the workers' compensation claim and the "chain of events" that led to his discharge. *Casanova v. American Airlines*, 2010 WL 3035493, slip op at *3 (7th Cir. Aug. 5, 2010).

Defendant's motion for summary judgment is **GRANTED** on all claims.  Judgment is entered in favor of defendant, Olin Corporation a/k/a Olin Brass and Winchester, Inc., and against plaintiff, Jeff Keffer II, on all claims.   Each party shall bear its own cost.   The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:     29 September, 2010**

**/s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**

6