**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JEFF KEEFER II , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09-CV-23-WDS |
| | ) | |
| OLIN CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion to alter or amend(Doc. 51) the Court's Order which granted defendant's motion for summary judgment (Doc. 49). The defendant has filed a memorandum in opposition to motion for reconsideration (Doc. 52).

The Court requested additional briefing by the parties as to whether the collective bargaining agreement controlled the discharge in this case, and whether the recent rulings in *Staub v. Proctor Hosp.*, 131 S.Ct. 1186 (2011), and *Miller v. Illinois Dept. of Transportation*, 2011 WL 1756119 (7th Cir. May 10, 2011) should control this Court's review on reconsideration. Those briefs have now been filed (Doc's 54 and 55). Also before the Court is defendant's motion to strike plaintiff's reply brief (Doc. 56).

**DISCUSSION**

The Court previously granted the defendant's motion for summary judgment, finding that the plaintiff's discharge was based on legitimate, non-retaliatory reasons, specifically, that the plaintiff had not returned to work after examination and release to return ot work by an independent doctor. (See, Memorandum and Order, Doc. 49). Plaintiff claims that the retaliation was based on

the fact that he had filed a worker's compensation claim.

In general, an employer may terminate an at-will employee for any reason, or even for no reason at all. *Roger v. Yellow Freight Sys., Inc.,* 21 F.3d 146, 149 (7th Cir. 1994). The exception, in Illinois, is when the employee has been terminated for exercising his rights under the Illinois Worker's Compensation Act. *Palmateer v. Intn'l Harvester Co.,* 421 N.E.2d 876 (Ill. 1981). To succeed on this claim, the plaintiff must demonstrate: (1) that he was an employee of the defendant prior to his injury; (2) that he exercised a right guaranteed by the Illinois Workers' Compensation Act; and (3) that his discharge was causally related to the exercise of that right. *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 384 N.E.2d 353, 357–59 (1978). The parties do not dispute that plaintiff was employed by defendant before and at the time of his injuries, or that plaintiff filed a workers' compensation claim based on his injuries. The issue in this case is whether plaintiff has demonstrated a genuine issue of fact concerning the necessary causal relationship between his termination and the filing of the worker's compensation claim. With respect to this third element, it is essential that the plaintiff establish that the decisionmakers who were responsible for his termination knew that he had filed or intended to file a worker's compensation claim. However, even where the decisionmaker knows about the worker's compensation claim, Illinois courts have found no causality where the basis for discharge is valid and non-pretextual. For example, excessive absenteeism can be an appropriate basis for termination even where a worker's compensation injury caused the absenteeism. *Hartlein v. Ill. Power Co.,* 601 N.E.2d 720, 728 (Ill. 1992).

Before proceeding to the merits of the motion to reconsider, the Court notes that despite the Court's Order of June 6, 2011, the plaintiff did not file a supplemental brief as directed.

(Plaintiff's brief was to be filed on or before June 20, 2011, with defendant's response to be filed by June 30th, and a reply brief, if any, on or before July 11, 2011.)  Although plaintiff did not file an initial brief, defendant *did* file a supplemental brief (Doc. 54) and only then did plaintiff file a pleading called a "reply."  (Doc. 55).   Defendant then filed a motion to strike the plaintiff's late-filed reply brief (Doc. 56).

It is clearly the burden of plaintiff to establish grounds for reconsideration of a prior ruling, and that burden is not insubstantial.  Relief from judgment is available in a limited fashion under the Federal Rules.  There is no pleading called a "motion to reconsider" in the Federal Rules of Civil Procedure, although courts generally construe such requests as being brought under Fed. R. Civ. P. 59(e) or Rule 60(b). *See, e.g., United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir.1992).

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation, and applies only when there is: newly discovered evidence; an intervening change in the controlling law; or manifest error of law.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).  A motion for reconsideration, however, is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. *See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see, also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D.Ill. June 5, 1996).

A careful review of the plaintiff's motion pursuant to Rule 59(e) reveals that plaintiff is asserting: that the Court misapplied law and ignored relevant facts when it granted summary judgment in the defendant's favor; the Court did not consider the collective bargaining agreement (CBA) two-year medical leave of absence provision; defendant's nurse indicated that plaintiff's claim would cost Olin "a lot of money"; and, the CBA requires that before a return to work can be required, the CBA requires that both the personal doctor and Olin's medical department determine that he can return to work.  In response, the defendant asserts that plaintiff is attempting to re-argue matters which were either previously raised, or not raised, amounting to a "second bite" at the apple.  Moreover, defendant asserts that plaintiff failed to establish retaliatory motive for his termination, a flaw fatal to a retaliation claim.

In his "reply" brief (Doc. 55) plaintiff raises new facts and claims, not previously raised (e.g. that the decisionmaker Moore–who terminated plaintiff–was "spoon fed" animus by the still-unidentified "nurse") to support his claim for reconsideration.   Plaintiff asserts that post-*Staub* the application of "cat's paw" legal theory of responsibility requires this Court to imply a retaliatory motive to the defendant's actions. However, after review of the record, the Court **FINDS** that plaintiff has failed to show, either in his motion for relief, or his late-filed brief in response to the Court's Order of June 6th, that there was evidence of any casual connection between the filing of his workers' compensation claim and the "chain of events" that led to his discharge. *Casanova v. American Airlines*, 616 F.3d 695 (7th Cir. 2010).  There is nothing in this record to show that anyone at Olin "perform[ed] an act motivated by [discriminatory] animus that [was] *intended* by [that person] to cause an adverse employment action." *Staub v. Proctor Hospital*, 131 S. Ct. 1186, 1194 (2011).  Plaintiff *has* to show that there is supportable evidence

that the unidentified "nurse" somehow actually influenced the decisionmaker, Moore, or that the nurse was in a supervisory capacity. Neither has been shown here. *See, e.g. Schandelmeier-Bartels v. Chicago Park Dist.*, 645 F.3d 372, 379 (7th Cir. 2011). For a post-*Staub* successful "cat's paw" claim, plaintiff must still establish that the non-decisonmaker, with a discriminatory animus, performed an act that was a *cause* of the decision to terminate plaintiff. However, *Staub* does not hold that just any comment amounts to retaliatory "animus." Rather, the intention to cause an adverse employment action must still be established by plaintiff.

    Here, plaintiff attempts to have this Court re-visit its prior determination by advancing the same theory that he previously raised and which the Court considered and rejected. Although *Staub* controls this review, the Court **FINDS** that plaintiff has failed to establish that any act of the defendant (or its employees) was based on a discriminatory animus, and therefore, the **DENIES** plaintiff's motion to alter or amend judgment (Doc. 51) on all grounds raised. Defendant's motion to strike (Doc. 56) is **DENIED** as moot.

**IT IS SO ORDERED.**


**DATE: 26 September, 2011**

                                                                       /s/ WILLIAM D. STIEHL
                                                                             DISTRICT JUDGE